IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No**:   02-cv-02394-RPM

SCOTT PIVONKA and
JOHN TOTTLEBEN,

    Plaintiffs,

    vs.

CENTRAL GARDEN & PET COMPANY,
NYLABONE CORPORATION and
TFH PUBLICATIONS, INC.,

    Defendants.

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

1.  This Stipulation and Order Regarding Confidentiality ("Order") shall govern the designation and handling of confidential documents and information produced, exchanged in or relating to this action, including without limitation, documents or information produced through discovery procedures by any party or nonparty person or entity.

2.  The "CONFIDENTIAL" designation hereunder shall be used consistent with the current legitimate business interests of the parties and the legitimate business or privacy interests of the persons or entities producing documents or information which contain proprietary and/or confidential intellectual property (including, but not limited to trademarks, patents, licenses, trade secrets, and copyrights), research, development, commercial, customer, supplier, employee, financial, marketing, distribution, manufacturing, packaging or inventory information ("Confidential Information").

- 2 -

3. When used in this Order, the term "writings and recordings" shall have the full meaning ascribed to it in Rule 1001 of the Federal Rules of Evidence and shall include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically stored data, and any other compilation from which information can be obtained, translated, if necessary, by the party responding to any request for production through detection devices into reasonably useable form, and any copies thereof.

4. Any person or entity (including non-parties) who is required to produce documents or information in discovery in this action (the "Producing Person") may designate as "CONFIDENTIAL" material that the Producing Person believes, in good faith, contains Confidential Information. Further, said Producing Person may designate as "FOR ATTORNEYS EYES ONLY" that material which contains Confidential Information that said Producing Person believes, in good faith, is highly confidential and should not be reviewed by the adverse party. Such designated material may only be reviewed by counsel for the parties and the parties' experts.

5. Confidential Information may be contained in writings and recordings, documents, testimony, information, and all other tangible or intangible items which are produced or otherwise disclosed by the parties in discovery, in hearings, or otherwise, during the course of this action. Confidential Information may also be included in correspondence between the parties or their attorneys, information contained in depositions, interrogatories, pleadings, briefs, exhibits, affidavits, reports, transcripts, any preliminary or final determination made by the Court and other documents, including any pages or parts thereof and any information obtained from review of documents or information produced including any notes, summaries, abstracts, or

other work product and shall not be given, shown, disclosed to, or discussed with any third party, person, or entity except upon compulsory legal process or as contemplated by this Order.

6. Documents or information properly obtained by or made available to any party by means other than through disclosure or discovery shall not be subject to this Order, except to the extent the same is produced to the other party, at which time said documents or information will become subject to this Order. Furthermore, nothing in this Order shall prevent disclosure beyond the terms of this Order if the designating person consents to such disclosure or if the Court allows such disclosure upon good cause shown.

7. Designation of "Confidential Information" and/or "For Attorneys' Eyes Only" shall be made at or prior to the time of production of documents (or, in the case of deposition transcripts, if any, and documents produced by non-parties, within 30 days of receiving the deposition transcript or documents) by affixing to them a stamp bearing the word "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" as applicable, in a location that makes the designation readily apparent. If designated as "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" any deposition transcript shall be visibly marked on the cover page by the reporter as follows: "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" followed by "THIS TRANSCRIPT IS COVERED BY AN ORDER REGARDING CONFIDENTIALITY AND THIS TRANSCRIPT OR THE INFORMATION HEREIN MAY NOT BE DISCLOSED EXCEPT IN COMPLIANCE WITH THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY." Any information or data that has not been reduced to documentary form may be designated as "CONFIDENTIAL" and/or "FOR ATTORNEYS' EYES ONLY" by informing counsel for the parties in writing that it is

Confidential Information. All electronic material shall be treated as confidential. In lieu of marking the originals, the party may mark copies that are produced or exchanged.

8. Confidential Information shall not be given, shown, disclosed to, or discussed with any third person or party, except as provided in this Order. To the extent a party believes it necessary to file Confidential Information with the Court, such party shall file the Confidential Information under seal, with a corresponding motion to seal, in compliance with D.C.COLO.L.Civ.R. 7.2 and 7.3. To the extent a party believes it necessary to present Confidential Information in open court, such party shall give the other party fifteen (15) business days' prior notice, during which the other party may seek an order pursuant to D.C.COLO.L.Civ.R. 7.2 and 7.3 that all or a portion of court proceedings be closed to the public.

9. Documents or information designated as "CONFIDENTIAL" may be used only for the purposes of this action.

10. Unless ordered by the Court, or agreed to in writing by the parties, all material designated "CONFIDENTIAL" shall be treated as confidential and shall not be disclosed except under the terms of this Order.

11. All materials designated as "CONFIDENTIAL" under this Order shall not be disclosed, given, shown, or discussed directly or indirectly with any person, party, or entity other than:

      (a)     the Court, as provided in paragraph 8 above;

      (b)     the named parties in this action;

      (c)     the parties' attorneys;

(d) court reporters performing the necessary duties, if any, in this action;

(e) any person who authored or previously received the document or information either before or after its designation as "CONFIDENTIAL";

(f) any expert or consultant retained by any party in connection with this action, provided that if a party chooses a current employee of one of Defendants' possible competitors, the party shall notify Defendants before disclosing any Confidential Information to that expert or consultant and shall give Defendants a reasonable opportunity to move for a protective order preventing or limiting such disclosure.

(g) any person whom a named party intends, in good faith, to call as a witness in any deposition (if any) or hearing in this matter, and that person's attorneys to the extent reasonably necessary to give his or her testimony. However, witnesses who are shown Confidential Information shall not be allowed to retain copies of the Confidential Information; and

(h) Any other person who is designated by order of this Court after notice to all parties.

12. All persons to whom Confidential Information is disclosed pursuant to ¶12(b), (c), (d), (e), (f), (g), or (h) shall be specifically advised of the existence of this Order.

13. All persons to whom Confidential Information is disclosed pursuant to ¶12(e), (f), (g) and (h) of this Order shall be required to sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A. The party disclosing any Confidential Information shall

maintain the original acknowledgment and need not produce it except upon order of the Court for good cause shown, or by agreement. It shall be the responsibility of the party that retained any ¶12(f) recipient to assure that all Confidential Information in the custody of the ¶12(f) recipient, including any copies, is returned to the counsel for the party or other person who provided such Confidential Information.

14. Persons to whom Confidential Information is disclosed pursuant to ¶12(e), (g) or (h) may not copy the Confidential Information. All persons to whom Confidential Information is disclosed pursuant to ¶12(f) may make working copies but only as are reasonably necessary to perform work.

15. In the event that any party objects to the designation of any document or information as Confidential Information, such party may, in writing, request the Producing Person remove the "CONFIDENTIAL" designation. Such written request shall specifically identify the document(s) or information at issue. The Producing Person, by its counsel, shall respond in writing within fifteen (30) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreement of the parties. If the Producing Person refuses to remove the "CONFIDENTIAL" designation, its written response shall state the reasons for this refusal. If the Producing Person fails to respond to a request or refuses to remove the "CONFIDENTIAL" designation, any party has fourteen (30) days from a timely written response or refusal, or such other period of time as the parties may agree, to file a motion for an order requiring the Producing Person remove the "CONFIDENTIAL" designation. It shall be the burden of the Producing Person under such circumstances to establish the document(s) or information so designated is "CONFIDENTIAL"

within the meaning of this Order.  In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection pursuant to D.C.COLO.L.Civ.R. 7.2 and 7.3.

16. If documents or information designated "CONFIDENTIAL" in this action are called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to each person that has designated the information "CONFIDENTIAL" and shall not produce the documents until the earlier of ten days after providing notice or the return date of the subpoena or other process.

17. A Producing Person may disclose documents or information it has designated "CONFIDENTIAL" and produced in this action to any person, with or without any conditions to such disclosure as it deems appropriate.

18. Any and all documents or information provided by a party, including all originals and copies thereof, shall remain the property of the Producing Party.  Within 90 days of a written request by the Producing Party, following the conclusion of this action, including any appeals, all material designated as "CONFIDENTIAL," including all copies, shall be (at the Producing Party's option) returned to the Producing Person or destroyed.  Any return shipping charges shall be at the Producing Party's expense.  At such time, or within 10 days thereafter, the party destroying or returning documents or information shall certify in a writing, sent to the Producing Party, that all such documents and information have been returned or destroyed.

19. Violation of this order by either party may result in sanctions including an assessment of fees, preclusion of evidence or other relief determined necessary by the Court.

- 8 -

20. In the event that additional persons become parties to this action, they shall not have access to Confidential Information produced by or obtained from any party until the newly joined party or their counsel confirms in writing to all other parties that they have read this Order and agree to be bound by its terms.

21. This Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings, for a period of three years, to provide the Court with ancillary jurisdiction to enforce its terms.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.

IT IS SO ORDERED

DATED: July 18th, 2006                                s/Richard P. Matsch

_____
U.S. District Court Judge

s/ Ramon L. Pizarro

By: _____
Ramon L. Pizarro, Esq.
3515 South Tamarac Drive, Suite 200
Denver, CO  80237
303-779-9551
pizarro@4dv.net

For Plaintiffs Scott Pivonka and John Tottleben


GREENBERG DAUBER EPSTEIN & TUCKER
A PROFESSIONAL CORPORATION

s/ Russell S. Burnside

By: _____
Russell S. Burnside, Esq.
One Gateway Center, Suite 600
Newark, New Jersey  07102-5311
Telephone (973) 643-3700
rburnside@greenbergdauber.com

and

Daniel E. Evans
GODIN & BAITY, LLC
1050 Seventeenth St., Suite 1610
Denver, CO  80265
Telephone (303) 572-3100

For Defendants Central Garden & Pet Company, Nylabone Corporation [sic] and TFH Publications, Inc.