IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-02394-RPM

SCOTT PIVONKA and
JOHN TOTTLEBEN,

        Plaintiffs,

v.

CENTRAL GARDEN & PET COMPANY,
NYLABONE CORPORATION, and
TFH PUBLICATIONS, INC.

        Defendants,

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

Plaintiffs John Tottleben and Scott Pivonka (plaintiffs) are the named inventors on U.S.

Patent No. 6,216,638 issued April 17, 2001 (the '638 Patent), and U.S. Patent No. 6,408,797

issued June 25, 2002 (the '797 Patent). Both patents are directed to a collapsible pet carrier. The

'797 Patent is a continuation of the '638 Patent.

Defendant TFH Publications, Inc. (TFH) is in the pet supply industry and sells products

under the trade name Nylabone. TFH is a subsidiary of Central Garden & Pet Company

(Central).

The plaintiffs brought this patent infringement action on December 23, 2002, claiming that

defendants TFH, Central and Nylabone Corporation have directly or indirectly, either literally or

under the doctrine of equivalents, infringed the '638 and '797 Patents, by selling and offering for

sale a product known as the Fold-Away Pet Carrier. The plaintiffs accuse the defendants of willful infringement.

The defendants deny infringement and assert counterclaims seeking: (1) declaratory judgment that the plaintiffs' patents are invalid; (2) declaratory judgment that the plaintiffs' patents are unenforceable due to inequitable conduct; (3) declaratory judgment of patent misuse; (4) damages for unfair competition under the Lanham Act, and (5) damages for unfair competition under Colorado law. The defendants have stated that they are no longer pursuing their sixth counterclaim for tortious interference with contractual and advantageous relations.

A central dispute in this action is priority of invention. The plaintiffs' patent application was filed on June 1, 1999. The defendants, however, allege that Glen Axelrod (Axelrod), the president of TFH, conceptualized the Fold-Away-Pet Carrier in early 1998; that Axelrod and an architect created drawings of it in January and February 1998; that Axelrod oversaw the creation of a prototype, and that TFH had begun displaying the product to retailers before the plaintiffs applied for a patent. TFH owns U.S. Patent Application No. 09/914,047, which the defendants claim covers the Fold-Away Pet Carrier and which, according to the defendants, has a priority date of February 22, 1999. The plaintiffs dispute the defendants' claim of priority, arguing the defendants' allegations of priority are based on perjured testimony, altered documents, misrepresentations about the defendants' product sales, and misrepresentations about patents and patent applications owned by the defendants.

On April 29, 2003, Axlerod filed a request for interference with the PTO. On May 19, 2003, the court stayed this action pending determination of the interference proceeding. After several years of no activity by PTO, the court lifted the stay on April 5, 2006. On October 24,

2006, the PTO issued a Declaration of Interference. This action and the PTO proceeding have been going forward simultaneously.

On April 2, 2007, the defendants moved for summary judgment declaring the plaintiffs' patents invalid, unenforceable and not infringed. The plaintiffs moved for summary judgment dismissing the defendants' counterclaims.

On August 30, 2007, the PTO Board of Patent Appeals and Interferences issued a Memorandum Opinion and Order, holding that all claims of the plaintiffs' '797 Patent are unpatentable pursuant to 35 U.S.C. § 103 on the ground that they are obvious in light of U.S. Patent No. 3,195,506 to Beard, in combination with other references. That order also states that the defendants concede that if the plaintiffs' '797 Patent is invalid, the defendants' involved claims are also unpatentable. The PTO order dated August 30, 2007, is not final. The panel invited the parties to respond to its obviousness analysis and set a briefing schedule. That briefing was scheduled to be concluded on October 27, 2007. The parties have not informed this court of any final determination by the PTO.

Upon consideration of the pleadings, briefs (both supporting and responsive), declarations, deposition testimony, and documents submitted by the parties in connection with their summary judgment motions, the court concludes that the defendants' motion should be granted in part and denied in part, and that the plaintiffs' motion should be granted in part and denied in part, as set forth below.

The defendants' motion is granted with respect to the plaintiffs' claims against Central and Nylabone. It is undisputed that Nylabone is not a legal entity, but is merely a registered trade name. The defendants have submitted the declaration of Glen Axelrod, stating that Central is not

the inventor, developer, manufacturer or marketer of the accused products, and that it has no involvement with the Fold-Away Pet Carrier product line. The excerpt from Central's annual report submitted by the plaintiffs does not show that Central makes or sells the accused products and does not support the conclusion that the separate corporate identities of Central and TFH should be disregarded.

The defendants' motion is granted with respect to the plaintiffs' claim of willful infringement. The defendants have presented evidence showing that they consulted with patent counsel after learning of the plaintiffs' patents and, following that consultation, believed there were defenses to infringement. The PTO's preliminary order determining that the claims of the plaintiffs' '797 are unpatentable as obvious shows that the defendants have advanced a colorable challenge to the validity of the plaintiffs' patents. Under these circumstances, the plaintiffs cannot meet their burden of proving by clear and convincing evidence that the defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent. *See In re Seagate Tech., Inc.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

The defendants' motion is denied with respect to their claim for a declaration the plaintiffs' patents are unenforceable due to inequitable conduct. The plaintiffs did not engage in inequitable conduct during the prosecution of their patents by failing to disclose letters they had received from defendants' counsel which included only unsupported attorney argument. Contrary to the defendants' arguments, the undisputed facts support the entry of judgment in favor of the plaintiffs on this counterclaim.

The defendants' motion is denied with respect to their claim for a declaration that the plaintiffs' patents are invalid and not infringed. Based on the current status of this proceeding, it

appears that a trial will be necessary to determine the issues of anticipation, obviousness and indefiniteness, which require evaluation of testimony of persons skilled in the art, as well as determinations about claim construction. Trial is also the appropriate process for determining the priority dispute, which requires evaluation of testimony and other evidence about conception and reduction to practice. The denial of the defendants' motion is in disregard of the PTO's opinion and order because it is not final.

The plaintiffs' motion for summary judgment directed to the defendants' first counterclaim for a declaration of invalidity is denied. Issues of invalidity will be decided at trial.

The plaintiffs' motion is granted with respect to the defendants' second counterclaim for a declaration of unenforceability due to inequitable conduct. For the reasons set forth above, judgment will enter in favor of the plaintiffs on that counterclaim.

The plaintiffs' motion is granted with respect to the defendants' third counterclaim for a declaration of patent misuse. The letters sent by the plaintiffs' counsel to Wal-Mart, Petsmart and other retailers about the plaintiffs' issued patent do not show any effort to extend a monopoly beyond scope of the patent. The facts alleged by the defendants do not support a claim or defense of patent misuse.

The plaintiffs' motion is granted with respect to the defendants' fourth and fifth counterclaims alleging unfair competition under the Lanham Act and Colorado law. The letters sent by the plaintiffs' counsel to Wal-Mart, Petsmart and other retailers referred to an issued patent – which is presumed to be valid – and did not state that the defendants' products infringe. The letters merely suggested the recipients review the patent and compare the disclosed invention with the products sold by that company. The defendants' evidence is not sufficient to establish

that the plaintiffs made false representations about the defendants' products or that the plaintiffs

knew their patents were invalid when they sent the letters. The fact that the plaintiffs knew of a

potential dispute about the patent's validity or enforceability does not establish that they acted in

bad faith when they sent the letters.

Based on the foregoing, it is

ORDERED that the defendants' motion for summary judgment [doc. 56] is granted in part

and denied in part. All of the plaintiffs' claims against Central Garden & Pet Company and

Nylabone Corporation are dismissed. The plaintiffs' claim of willful infringement is dismissed as

to all defendants. The defendants' motion is otherwise denied. It is

FURTHER ORDERED that the plaintiffs' motion for summary judgment [doc. 60] is

granted in part and denied in part. The defendants' second, third, fourth, fifth and sixth

counterclaims are dismissed. The plaintiffs' motion for summary judgment is denied as to the

defendants' first counterclaim for declaration of invalidity. It is

FURTHER ORDERED that on or before April 7, 2008, the parties will file a joint status

report describing the status of the PTO proceeding.

Dated: February 19, 2008

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge